UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

IN RE:

NASDAQ MARKET-MAKERS
ANTITRUST LITIGATION

94 Civ. 3996 (RWS)

M.D.L. No. 1023

This Document Relates To:
All Actions

### ORDER Re: APPLICATION OF LOSS PREVENTION SPECIALISTS, INC. TO FACILITATE RECOVERY OF FUNDS OBTAINED FROM THE SETTLEMENT FUND

WHEREAS, on or about May 19, 2011 Mr. Dennis Pruszinske of Loss Prevention Specialists, Inc. ("LPS"), a self-described Minnesota licensed private detective agency, submitted a letter to this Court (docketed in the above matter on May 26, 2011). The letter states that LPS has knowledge or information relating to funds from the settlement of the above-captioned action that were received by an intermediary, referred to as "Fiduciary 1," having submitted one or more Proofs of Claim purporting to be authorized by, and submitted for the benefit of, Fiduciary 1's customers. Approximately $1,120,000 of such funds were not paid to the Class Member beneficiaries. The letter further states that the intermediary Fiduciary 1 was acquired by another entity, "Fiduciary 2," but that Fiduciary 2 did not get the records identifying which customers of Fiduciary 1 were entitled to these funds. Subsequently, Fiduciary 2 has transferred the funds to another entity, "Fiduciary 3," to hold, but none of these entities are willing or able to get the funds to the Class Member beneficiaries; and

WHEREAS, LPS requests the Court's approval and direction to engage in recovery efforts on behalf of the Nasdaq Market Makers Antitrust Settlement Fund and proposes to enter a contingent finder's fee agreement with Plaintiffs' Co-Lead Counsel, on behalf of the Nasdaq Market Makers Antitrust Settlement Fund, pursuant to which if LPS successfully recovers funds, LPS will be entitled to a fee of ten (10%) percent of the amount so recovered; and

WHEREAS, to the extent that LPS successfully recovers funds for Nasdaq Market Makers Antitrust Settlement Fund, LPS further proposes to seek to determine the identities of the customers of Fiduciary 1 for whom such monies were paid (the "Beneficiaries"), and the amounts that were allocable to such Beneficiaries. LPS proposes that to the extent that it succeeds in obtaining a current address for such Beneficiaries, and to the extent that such Beneficiaries are issued payments from the Nasdaq Market Makers Antitrust Settlement Fund and in fact deposit such payments, that LPS be entitled to a further contingent finder's fee of five (5%) percent of the amount(s) paid to such Beneficiaries from the Nasdaq Market Makers Antitrust Settlement Fund; and

WHEREAS, Plaintiffs' Co-Lead Counsel note that pursuant to the Settlement Agreements, the Defendants have no right to any return of any part of the Settlement Funds. Any recovered funds not payable to an identified Beneficiary can no longer be economically re-distributed to the Class Members generally. Therefore, any funds recovered by the Nasdaq Market Makers Antitrust Settlement Fund at this time, not payable to or on behalf of specific Beneficiaries, should be distributable to charities, as provided under the Plan of Allocation, and pursuant to the Court's February 16, 2010

Order Directing Final Claims Payments And Charitable Distribution of Remaining Funds; and

WHEREAS, Plaintiffs' Co-Lead Counsel generally support LPS's application, request that the Court approve Plaintiffs' Co-Lead Counsel's entry, on behalf of the Nasdaq Market Makers Antitrust Settlement Fund, into a contingent fee agreement with LPS, and request the Court's approval that after first paying Beneficiaries their pro rata shares of the funds recovered, up to the full amounts that were originally allocated to Fiduciary 1 on their behalf, any amount remaining un-distributed may be donated to charities designated by Co-Lead Counsel, pursuant to a further Order of the Court.

NOW THEREFORE this _____ day of _____, 2011, it is hereby ORDERED as follows:

1. LPS and Plaintiffs' Co-Lead Counsel, on behalf of the Nasdaq Market Makers Antitrust Settlement Fund, are authorized to enter a contingent finders' fee agreement as described above.

2. LPS shall thereafter disclose the identities of Fiduciaries 1, 2 and 3.

3. LPS shall disclose all information available to it concerning the facts and circumstances surrounding the Proof(s) of Claim that Fiduciary 1 submitted, and the intended beneficiaries thereof.

4. LPS is authorized and directed to seek to cause Fiduciary 3 to pay the money (including any interest earned thereon), into the Nasdaq Market Makers Antitrust Settlement Fund, subject to the procedure outlined below.

5. To the extent LPS succeeds in getting Fiduciary 3 to pay money (with or without any interest) to the Nasdaq Market Makers Antitrust Settlement Fund, LPS shall

be entitled to receive 10% of such recovery. Plaintiffs' Co-Lead Counsel shall cause the payment from the Nasdaq Market Makers Antitrust Settlement Fund of such contingent fee to LPS within 30 days of the deposit of such funds in the Nasdaq Market Makers Antitrust Settlement Fund.

6. LPS is authorized and directed to seek to discover the names, current addresses and allocable shares of the funds originally paid to Fiduciary 1.

7. To the extent payments are issued to and deposited by the Beneficiaries, LPS shall be entitled to five (5%) percent of the amount(s) actually received by such Beneficiaries from the Nasdaq Market Makers Antitrust Settlement Fund.

8. To the extent LPS succeeds in recovering funds and discovering the Beneficiaries names, current addresses and allocable shares of the funds originally paid to Fiduciary 1, then Plaintiffs' Co-Lead counsel shall cause payments to be made to these Beneficiaries from the recovered funds. The Beneficiaries shall be issued payments for up to their pro rata shares of the funds recovered, up to the full amounts that were originally allocated to Fiduciary 1 on their behalf, plus an allocable share of recovered interest, if any. If all the Beneficiaries are located the payments shall be net of the total 15% finders fees and the costs of issuing the payments. To the extent that less than all of the Beneficiaries can be found, the contingent fees and administration costs for distributing the funds shall be first charged to the amounts otherwise allocable to the un-known or un-located Beneficiaries, and the payments to Beneficiaries shall have their shares of the contingent fees and administration costs proportionately reduced. To the extent that there are more funds than are needed to pay the contingent fees, the administrative costs and, for known Beneficiaries, the full amounts that were originally

4

allocated to Fiduciary 1 on their behalf, plus an allocable share of recovered interest if any, then the excess shall be donated to charities designated by Co-Lead Counsel, pursuant to a further Order of the Court.

9.  To the extent payments are issued to and deposited by the Beneficiaries, Plaintiffs' Co-Lead Counsel shall cause the Nasdaq Market Makers Antitrust Settlement Fund to pay LPS five (5%) percent of the amounts paid to such Beneficiaries. Plaintiffs' Co-Lead Counsel shall cause payments to LPS from the Nasdaq Market Makers Antitrust Settlement Fund within 30 days of Plaintiffs' Co-Lead Counsel's receipt of any monthly bank statement showing payment(s) made to such Beneficiary (or Beneficiaries) in the preceding month.

10. Each Beneficiary issued a payment shall be notified of the circumstances of their payment and shall be entitled, within 20 days of their receipt to submit any objection they may have to the contingent fee applicable to their payment, if any. Any objections that cannot be resolved to the Beneficiaries satisfaction by Plaintiffs Co-Lead Counsel shall be brought to the Court's attention. The Court shall determine whether any refund shall be required from LPS to such Beneficiary

.

SO ORDERED

Dated: New York, New York
       //  29 . // , 2011

Robert W. Sweet,
Senior United States District Judge